UNITED STATES of America, Plaintiff–Appellee,

v.

Cesar ZAMORA–RESENDIZ, Defendant–Appellant.

No. 06–50000.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 28, 2006.

Filed Aug. 25, 2006.

Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant-Appellant.

Before: JOHN R. GIBSON,* RYMER, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Cesar Zamora–Resendiz appeals his sentence of 12 months' imprisonment, imposed after he pled guilty to the transportation of

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

illegal aliens and aiding and abetting in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II). He argues that he received inadequate notice that the court intended to impose a sentence above the advisory guideline sentencing range on the grounds of under-representation of his criminal history. *See* U.S.S.G. § 4A1.3(a) (2004).

In *Burns v. United States,* 501 U.S. 129, 138–39, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991), the Supreme Court held that "before a district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government," the court must "give the parties reasonable notice that it is contemplating such a ruling," and "[t]his notice must specifically identify the ground on which the district court is contemplating an upward departure." *See also* Fed. R.Crim.P. 32(h) (codifying the holding of *Burns* ). A panel of this court has recently held that *Burns* notice is required post-*Booker,* just as it was pre-*Booker. United States v. Evans–Martinez,* 448 F.3d 1163, 1167 (9th Cir.2006).

On appeal, the government concedes that the district court did not specifically notify Zamora–Resendiz that it was considering a sentence outside the advisory guidelines range. Moreover, the presentence report failed to provide the required notice. *See United States v. Ramirez–Jiminez,* 967 F.2d 1321, 1328 (9th Cir. 1992). Accordingly, we vacate the sentence and remand for resentencing in accordance with *Evans–Martinez.*

REVERSED AND REMANDED.